536 A.2d 340

**Murray FREEMAN, Appellant,**

v.

**KOERNER FORD OF SCRANTON, INCORPORATED and Ford Motor Credit Company, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1987.

Filed Dec. 10, 1987.

Reargument Denied Feb. 5, 1988.

Murray Freeman, in propria persona.

Anthony J. Piazza, Jr. (on brief), Michael A. Genello, Tellie, Durkin, Murphy, & Piazza, P.C., Scranton, for Koerner Ford, appellee.

Paul A. Barrett, O'Malley, Harris, & Schneider, P.C., Scranton, for Ford Motor, appellee.

Before ROWLEY, WIEAND and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order sustaining appellees' demurrers and dismissing appellant's complaint. We are presented with the question of whether appellees violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*, in declaring appellant's financing application incomplete and in failing to give appellant written notice of an adverse determination regarding his application. For reasons discussed below, we find no violation of the ECOA and, therefore, we affirm the decision of the trial court.

On December 9, 1985, appellant ordered a 1986 Ford Escort station wagon from appellee Koerner Ford of Scranton (Koerner Ford), subject to qualification for financing. Appellant was given a standard application for credit that he failed to complete by withholding his Social Security number. After being orally advised that the number was necessary to assess his credit history, appellant again refused to divulge the information. Three days later, appellant ordered and subsequently purchased the same make, model, and year automobile from another Ford dealer. Appellant commenced suit against appellees to recover: (1) the difference between what he paid for the vehicle and what he would have paid had his application been accepted and approved, and (2) other relief available under the ECOA.

Appellant alleges two violations under the ECOA. First, appellant claims that the trial court erred when it concluded that written notice of adverse action on appellant's incomplete credit application was not required. We note, preliminarily, that the ECOA was enacted to ensure fairness in creditors' consideration of credit applications. *See* 15

U.S.C. § 1691(a). To insure fairness, the ECOA makes it unlawful for a creditor to discriminate against an applicant with respect to any aspect of a credit application on the basis of race, color, religion, or sex, *id.* at (a)(1); or because an applicant has in good faith exercised any right under the ECOA, *id.* at (a)(3).

Regulations promulgated under the ECOA mandate written notification within thirty days after the taking of adverse action on an uncompleted application. 12 C.F.R. § 202.9(a)(2). Courts interpreting 12 C.F.R. § 202.9(a)(2) have determined, however, that when an application is withdrawn, the creditor's obligations under the regulation cease and the failure of the creditor to give notice does not violate the regulation. *Thompson v. Galles Chevrolet Co.,* 807 F.2d 163 (10th Cir.1986). The facts of the case demonstrate whether recission occurred. *Id.* at 166–167. In *Thompson,* the court held that exhibition of complete disinclination to obtain a vehicle from the defendant-dealer led to the conclusion that applicant had no further use for the credit application. *Id.* at 167. "Having abandoned their 'end' of buying a Galles' truck, plaintiffs must necessarily have also revoked the 'means,' namely the financing credit application, chosen to accomplish that end." *Id.*

The facts of the instant case are analogous to those of *Thompson.* Appellant abandoned his endeavor to purchase a car from Koerner Ford by ordering and purchasing the same vehicle from another local Ford dealer. In so doing, appellant revoked the financing application and was not entitled to written notification of an adverse determination regarding his application.

Appellant also contends that he was impermissibly discriminated against because he refused to give his Social Security number. In support of this claim, appellant cites the ECOA, 15 U.S.C. § 1691(a)(3), which prohibits discrimination for the good faith exercise of one's legal rights under the ECOA. Appellant asserts that the Privacy Act, 5 U.S.C. § 552a, created a legal right, invocable in the present

situation, to refuse to provide a Social Security number without denial of any benefit.

We note, however, that the Privacy Act prohibits denial of a benefit only when the entity requesting the Social Security number is an instrument of the United States or of the individual states. 5 U.S.C. § 552a, note; *see also United States v. $200,000 in United States Currency*, 590 F.Supp. 866, 871 (S.D.Fla.1984); *Doyle v. Wilson*, 529 F.Supp. 1343, 1349 (D.C.Del.1982). Appellant asserts, nonetheless, that the statute is applicable to this action because the "regulation of creditor activities through the ECOA establishes a 'close relationship' of creditors with the Federal Reserve Board." Appellant's brief at 23. Thus, appellant concludes that, because the Federal Reserve Board has created model credit application forms, creditors are regulatory entities subject to the Privacy Act.

We acknowledge that in some instances there is a close nexus between the state and an action by a regulated entity such that the action of the latter may be fairly treated as that of the state itself. *Yeager v. Hackensack Water Co.*, 615 F.Supp. 1087 (D.C.N.J.1985). "This situation exists when a statutory scheme or executive directive compels the alleged proscribed activity." *Id.*, citing *Jackson v. Metropolitan Edison Co.*, 483 F.2d 754, 757 (3d Cir.1973), *aff'd* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). In *Yeager*, the court framed the ultimate question as whether the water company's solicitation of Social Security numbers was sufficiently fostered or encouraged by the state to be imputed to the state. The court concluded that the primary motivation for the water company's attempt to obtain the Social Security numbers came from a state administrative order.

Instantly, we find no comparable government intervention that would implicate the Privacy Act. Further, we determine that appellees did not discriminate under the ECOA, 15 U.S.C. § 1691(a)(1) or (3). Finally, because appellees did not breach a duty owed to appellant under the

ECOA, appellant's claim of negligence based on an ECOA violation must fail.

The order of the trial court is affirmed.