**Linda J. PIERCE, Plaintiff,**

v.

**CITIBANK (SOUTH DAKOTA), N.A., a foreign corporation, and Citicorp Credit Services, Inc., a foreign corporation, Defendants.**

**Civ. No. 93–343–FR.**

United States District Court, D. Oregon.

Feb. 10, 1994.

Michael B. Mendelson, Michael B. Mendelson, P.C., Portland, OR, for plaintiff.

John L. Langslet, Michael J. Farrell, Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, OR, for defendants.

## OPINION

FRYE, Judge:

The matter before the court is the motion of the plaintiff, Linda J. Pierce, for partial summary judgment (# 22).

### UNDISPUTED FACTS

Linda J. Pierce obtained Citibank Chase VISA Account No. 5424 1800 2276 3277 with defendant Citibank (South Dakota), N.A. based on her own creditworthiness. Her husband, Michael Pierce, maintained several accounts with defendant Citicorp Credit Services, Inc. (Citicorp). Citicorp is a corporate affiliate of Citibank. When Michael Pierce became delinquent on his Citibank bankcard account, Citicorp closed all of his accounts. When Citicorp notified Michael Pierce by letter on January 11, 1991 that it had closed all of his accounts, Citicorp included the account number of Linda Pierce among the numbers of the accounts closed. Linda Pierce, who lived with her husband, did not receive notice of the closing of her account, and her name was not included on the notice sent to Michael Pierce.

Linda Pierce continued to receive regular statements on Account No. 5424 1800 2276 3277 and continued to make payments on that account until she learned that the account had been closed when she talked by telephone to a customer service representative of Citibank on or about May 15, 1991. In that telephone conversation, the customer service representative informed Linda Pierce that she could not use her card until the accounts of Michael Pierce were brought current because her account was linked with those of her husband.

On July 18, 1991, Linda Pierce sent a registered letter to Citibank requesting a

written response within ten days as to why her account had not been renewed. On September 11, 1991, Citibank renewed her account and reinstated her credit privileges. In a letter dated September 11, 1991, Citibank informed Linda Pierce: "I want you to know that we sincerely appreciate the effort you've made to return your account to good standing." Exhibit 4 to Plaintiff's Motion for Partial Summary Judgment. Linda Pierce used the account until she filed a petition in bankruptcy on May 18, 1992.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

Assuming that there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981). Finally,

summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.*, 575 F.2d 692, 699 (9th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

## CONTENTIONS OF THE PARTIES

Linda Pierce contends that Citicorp, and Citibank acting as an agent for Citicorp, have violated 15 U.S.C. § 1691(d)(2) by failing to provide her written notice of the closure or suspension of her charge account. The defendants contend that even though there is no record of any written notification being sent to Linda Pierce, she is not entitled to relief under 15 U.S.C. § 1691(d)(2) because 1) her claim is barred by the statute of limitations; 2) she waived her right to written notice by receiving actual notice of the cancellation; and 3) Citibank's failure to notify her in writing was an inadvertent error permissible under 12 C.F.R. § 202.2(s). Linda Pierce contends that these defenses are affirmative defenses which have never been plead by the defendants, and therefore cannot be raised at this time.

## ANALYSIS AND RULING

15 U.S.C. § 1691(d)(2) states:

Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—

(A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken.

15 U.S.C. § 1691(d)(3) states that "[a] statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken."

The defendants argue that there is a dispute of material fact as to whether the cancellation of Linda Pierce's credit privileges was an "adverse action." The defendants argue that where action is taken on an account which is overdue, it is not an adverse action. However, Steve Beranek, an assis-

tant vice president of Citicorp, stated in his affidavit that "at least one reason for the revocation of plaintiff's account could have been Michael Pierce's delinquency on his accounts," defeating the assertion of Citibank that the only reason the account was closed was because payments were overdue. *Id.* at p. 2, para. 5.

Beranek admits that the defendants have no record of generating or producing an adverse action notice stating the reasons for the closure of Linda Pierce's account. *Id.* at p. 3, para. 9. Beranek further admits that no document was found in Linda Pierce's records during the discovery process. *Id.*

Citibank directs the court to the letter it sent on September 11, 1991 to Linda Pierce advising her of the reinstatement of her privileges. In that letter, Citibank congratulates Linda Pierce for returning her account to good standing. Citibank suggests in the letter of September 11, 1991 that the account of Linda Pierce was closed based on her delinquency. The letter states, in part: "It is a great pleasure to tell you we have decided to renew your Citibank Classic MasterCard card account. I want you to know that we sincerely appreciate the effort you've made to return your account to good credit standing." Exhibit 4 to Plaintiff's Motion for Partial Summary Judgment. The court finds that this letter does not establish a genuine issue of material fact because it is not adequate as a matter of law as a notification of the specific reasons for adverse action as required by 15 U.S.C. § 1691(d)(2) and (3).

Furthermore, Beranek admitted that he did not know the reason why Linda Pierce's account was closed, stating, in part, that "it is impossible for me to say that the account was closed because of the delinquency of Michael Pierce or because a collections unit had made a decision that plaintiff was "high risk" as a result of her own account." Affidavit of Steve Beranek, p. 2, para. 6. Therefore, Beranek's attestations with regard to the adequacy of the notification of adverse action are insufficient to establish a material fact. Citibank has presented no other evidence as to its failure to provide notification with specific reasons for adverse action as required by 15 U.S.C. § 1691(d)(2) and (3).

■ Defendants argue that the letter of January 11, 1991 to Michael Pierce informing him of the closure of his accounts, which included the account number of Linda Pierce, raises an issue of fact as to whether the failure to notify was due to inadvertent error excusable under Section 202.14(c) of Regulation B to the Equal Credit Opportunity Act. Section 202.14(c) provides that "[a] creditor's failure to comply with Sections ... 202.9, 202.10 ... is not a violation if it results from an inadvertent error. On discovering an error under Sections 202.9 and 202.10, the creditor shall correct it as soon as possible. Section 202.2(s) of Regulation B provides that "[i]nadvertent error means a mechanical, electronic or clerical error that a creditor demonstrates was not intentional and occurred notwithstanding the maintenance of procedures reasonably adopted to avoid such errors."

Linda Pierce contends that there is no issue of material fact as to the defense of inadvertent error because Citibank did not satisfy the requirement of Section 202.14(c) that it corrected the error as soon as possible upon discovery. In his affidavit, Beranek states that he does not know the reasons for the suspension of the credit privileges of Linda Pierce. The defendants have not provided evidence that Linda Pierce received an explanation for Citicorp's decision to close her account.

Although there is an issue of fact as to whether Citicorp inadvertently failed to send a letter to Linda Pierce at the same time as it sent the letter to Michael Pierce, this fact is not material to the claim of Linda Pierce: Linda Pierce contends that even after she requested specific reasons for the defendants' acts by telephone and by certified letter, Citibank did not provide those reasons. The court concludes that the defendants have presented no evidence from which the trier of fact could find that its failure to provide specific reasons after the written request of Linda Pierce constituted inadvertent error under Section 202.14(c). Without the defense of inadvertent error, the fact of the reinstatement of Linda Pierce's account is not sufficient to satisfy the requirements of 15 U.S.C. § 1691(d)(3).

The defendants argue that even if they violated 15 U.S.C. § 1691(d)(2) and (3), Linda Pierce waived her right to notice by receiving actual notice of the closure and by reinstating and using her account after reinstatement. The defendants cite *Freeman v. Koerner Ford of Scranton,* 370 Pa.Super. 150, 536 A.2d 340 (1987). In *Freeman,* the plaintiff did not waive his right to notice by seeking to reinstate his application. He waived his right to notice by exhibiting behavior which amounted to a withdrawal of his credit application. *Id.* at 341. Linda Pierce did not waive her right to notification. When she discovered that she had not been informed, she attempted to correct the problem and determine the reasons for the suspension of her privileges.

Finally, the defendants argue that the claim of Linda Pierce is barred by the statute of limitations. 15 U.S.C. § 1691e(f) provides that "[n]o such action shall be brought later than two years from the date of the occurrence of the violation." Linda Pierce alleges that she discovered that her Citibank account had been closed on May 15, 1991 when she telephoned Citibank for an explanation. Linda Pierce has presented evidence that she continued to receive statements and to make payments between February, 1991 and May, 1991. The statements that she received do not indicate that the account had been closed or that credit privileges had been suspended. Defendants have not presented any facts which establish that Linda Pierce knew that her account was closed in February, 1991 when Michael Pierce received a letter informing him of the closure of his accounts.

The crux of the claim of Linda Pierce is 1) she was not notified of the closure of her account; and, therefore 2) her claim did not arise until she knew of the failure of Citibank to notify her, which occurred on May 15, 1991. The two-year bar of 15 U.S.C. § 1691e(f) runs from the date of discovery with respect to 15 U.S.C. § 1691(d)(2) and (3). To interpret the two-year bar to run from the date of the actual account closure, before Linda Pierce's claim was discovered,

would be illogical and defeat the purpose of 15 U.S.C. § 1691(d)(2) and (3).[1]

## CONCLUSION

The motion of Linda Pierce for partial summary judgment on the fifth claim for relief (# 22) is GRANTED.

---

1. This ruling is limited to the application of 15 U.S.C. § 1691e(f) to 15 U.S.C. 1691(d)(2) and (3).